# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Patrick Hassell, ) | Civil Action No. 2:24-1141-RMG |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| Iota Networks, LLC and Iota ) | |
| Communications, Inc., ) | |
| Defendants. ) | |

## I.  Introduction

Before the Court is Plaintiff's motion for default judgment against Iota Networks, LLC. (Dkt. No. 12).  For the reasons set forth below, Plaintiff's motion is granted.

## II.  Background

Plaintiff is a citizen and resident of South Carolina. Defendant Iota Networks, LLC ("Iota Networks") is a Pennsylvania limited liability company domesticated in South Carolina and Defendant Iota Communications, Inc. ("Iota Communications") is a "corporation domesticated in a state other than South Carolina, which previously owned property, did business and employed the Plaintiff in Charleston County, South Carolina." (Dkt. No. 1 at 1).  The amount in controversy exceeds $75,000. (*Id*. at 3).  The Court has subject matter jurisdiction over this matter.

Plaintiff alleges that he worked for Iota Communications and was authorized to incur expenses on behalf of Iota Communications and be reimbursed for such expenses. (*Id*. at 2). Plaintiff alleges he left his employment with Iota Communications in 2020 and that said entity was unable to pay the amount due Haskell for his out of pocket expenses. (*Id.*). Plaintiff alleges he signed a "Release" with Iota Networks and that both Iota entities are "intertwined, affiliated with,

and alter egos of each other." (*Id.*). Plaintiff alleges that in exchange for Plaintiff giving up all legal rights against Iota Networks and related entities—including Iota Communications—Iota Networks promised to pay $40,000 on execution of the Release, and separate payments of $40,000 and $51,730.50 upon occurrence of certain events described in the Release." (*Id.*). Plaintiff alleges defendants paid the initial $40,000 on April 15, 2021 but no more. (*Id.*). And while "the events contemplated in the Release have occurred, the defendants have failed to pay [Plaintiff] the remaining payments." (*Id.*). Plaintiff brings a claim for breach of contract against Defendants. (*Id.* at 3); *see* (Dkt. No. 1-1 at 2) (copy of Release stating "Realesees" include both "Iota Networks, LLC" and "Iota Communications, Inc.").

Iota Networks was served copies of the summons and complaint in this matter. (Dkt. No. 6-1).

Iowa Networks did not appear or otherwise participate in this action.

On April 29, 2024, the Clerk entered default against Iota Networks. (Dkt. No. 9).

On May 23, 2024, Plaintiff filed an amended motion for default judgment against Iota Networks seeking $175,879.98. (Dkt. No. 12)

Plaintiff's motion is fully briefed and ripe for disposition.

**III.** **Legal Standard**

Federal Rule of Civil Procedure 55(b) permits the Court to enter a default judgment upon motion by a party and to conduct a hearing to determine the amount of damages, if necessary. A Rule 55(b) Default Judgment is appropriate where the Court determines that "the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The defendant "is not held to admit facts that are not *well-pleaded* or to admit conclusions of law." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257,

258 (4th Cir. 2006) (emphasis in original). Therefore, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Fdn. for Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion); *see also Ryan*, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action."). In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc.*, 200 Fed. Appx. at 258 (internal quotation marks omitted). The Court may conduct this analysis by putting the Complaint to the Rule 12(b)(6) standard. *See, e.g.*, *Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

**IV.     Discussion**

Plaintiff's complaint and his accompanying motion contain "well-pleaded allegations of fact" and proper claims such that Iota Networks admits owing Plaintiff $91,730.50 under the Release as well as consequential damages in the amount of $84,149.48 for "credit card interest related to the carry of [] sums for the defendants." (Dkt. No. 1 at 3). Therefore, the Court finds that the Iota Networks admitted by default the facts alleged and claims set forth in the complaint.

When the Court "determines that liability is established and default judgment is warranted, then it must make an independent determination of the appropriate amount of damages." *United States v. John Hudson Farms, Inc.*, 2018 WL 4119950, at *5 (E.D.N.C. Aug. 29, 2018).

Plaintiff credibly represents that $175,879.98 is the amount he is entitled to. *See* (Dkt. No. 1 at 1-3) (verified complaint); (Dkt. No. 1-1 at 2-8) (copy of Release); *DirecTV, Inc. v. Yancey*, No. Civ. A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a

hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default judgment against Defendant because Plaintiff submitted invoices documenting the money owed to Plaintiff).

Accordingly, Plaintiff has established liability regarding his Breach of Contract claim. Thus, the Court directs the Clerk to **ENTER JUDGMENT** for Plaintiff against Iota Networks in the amount of $175,879.98.

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for entry of default judgment. (Dkt. No. 12). Judgment is to be entered against Iota Networks in the amount of $175,879.98.[1]

Within 7 days of this order, Plaintiff is directed to file on the docket with the Court a status report indicating whether Plaintiff will continue to prosecute this action against Defendant Iota Communications, Inc.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 29, 2024
Charleston, South Carolina

---

[1] Plaintiff's first motion for default judgment (Dkt. No. 10) is denied without prejudice as moot.